UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND WELLS, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-1420 AGF |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the petition of Missouri state prisoner Raymond Wells, Sr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below habeas relief shall be denied.

## BACKGROUND

A jury found Petitioner guilty of first-degree murder, and thereafter Petitioner pled guilty to a first-degree robbery charge arising out of the same transaction. He was sentenced on January 27, 1969, to two concurrent terms of life imprisonment. (Resp't Exs. A, B at 3.) Petitioner was released on parole on February 26, 1979. (Resp't Ex. B at 3.) On November 16, 1985, after being on parole for approximately six and one-half years, Petitioner was returned to confinement on a parole violation, and on October 1, 1987, was subsequently sentenced to three concurrent seven-year sentences for the receipt of stolen property. Id. On November 16, 1987, Petitioner's seven-year sentences

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

were each reduced to three and one-half years.  Id. at 2.  Petitioner was once again paroled on December 21, 1988.  Id.  Petitioner remained on parole for approximately 14 years until a violation of the terms of his parole occasioned his return to prison on August 23, 2002.  Id.  By letter dated January 12, 2005, Missouri Board of Probation and Parole ("MBPP") wrote to Petitioner as follows:

> In recent correspondence you indicated you had submitted a previous request for pardon/clemency, however, there are no records to indicate this application has been received.  Therefore I have enclosed an Application for Executive Clemency, which should be completed and returned to this office.

(Resp't Ex. C.)  Petitioner asserts that at a parole hearing on February 24, 2005, the MBPP "set Petitioner back 2 years."  (Pet. at 2.)

In the present federal habeas action, filed on September 2, 2005, Petitioner claims that he has been denied due process and equal protection by his continued imprisonment. He asserts that MBPP's failure to ever "present his case to the govern[or]," as "mandated" by Mo. Code Regs. tit. 14, § 80-2.030(7)(A-B) (1989),[2] violated his "liberty

---

[2]  The version of this regulation relied upon by Petitioner, as quoted in Thompson v. Missouri Board of Parole, 929 F.2d 396, 401 n.11 (8th Cir. 1991), provides in relevant part as follows:

> (7) Terms of Parole
>
> (A) Any inmate paroled from the Missouri Department of Corrections and Human Resources will be subject to parole supervision until completion of the maximum sentence.
>
> (B) An inmate who is serving a long sentence and whose parole discharge date will be five (5) years or more after release on parole, will be considered for discharge from parole supervision at the end

interest in pardon/clemency." He also complains that at the February 24, 2005 parole hearing MBPP, "failed to give any consideration to the fact that petitioner should have been released years ago." (Pet. at 1.) Petitioner asserts that there are no available state court remedies because Missouri courts do not recognize a prisoner's liberty interest in parole under the parole statute in effect at the time of his sentencing (Mo. Rev. Stat. § 549.261) or under the later-revised parole statute (Mo. Rev. Stat. § 217.690).

Respondent characterizes Petitioner's present action as raising one claim: that he was never "put in for clemency as mandated by" § 80-2.030(7)(A-B)(1989). Respondent argues that this claim is not cognizable in a federal habeas action because Petitioner has no liberty interest in having a state actor submit a clemency application on his behalf. Respondent further argues that to the extent that Petitioner does have such a liberty interest, the proper means to seek relief would be through an action under 42 U.S.C. § 1983.

---

of five (5) years under parole supervision.

1. Discharge from supervision after five (5) years is not automatic. The board will review the parolee's file, including community adjustment and all other factors.

2. Discharge from parole supervision cannot and will not take effect until the governor has approved discharge pursuant to section 217.730, RSMo.

Effective October 5, 1989, the need for gubernatorial intervention was eliminated from § 217.730 ("Parole Time as Time of Imprisonment -- Final Discharge") and the above-quoted regulation was subsequently similarly amended. The regulation was also amended to give MBPP discretion in even whether to consider a parolee for discharge.

Respondent also asserts that Petitioner's claim fails because it is predicated on a misreading of state law, and that no Missouri statute or regulation requires any state actor to submit a clemency application on behalf of Petitioner. Respondent cites Missouri's current clemency statute which requires that:

> All applications for pardon, commutation of sentence or reprieve [by the governor] shall be referred to the board for investigation. The board shall investigate each such case and submit to the governor a report of its investigation, with all other information the board may have relating to the applicant together with any recommendations the board deems proper to make.

Mo. Rev. Stat. § 217.800(2) (2008).

Finally, Respondent states that to the extent that Petitioner complains of not receiving an application for clemency, such claim is moot because the Missouri Department of Corrections has provided him with an application.

Petitioner's traverse clarifies that he is complaining that despite the fact that he had served more than five years on parole on two occasions, and was thus eligible each time for consideration for discharge from parole supervision under § 80-2.030(7)(B), MBPP never sought the governor's approval for petitioner's discharge from parole, a prerequisite under the regulation to such discharge.[3] Petitioner asserts that Respondent's argument that Petitioner has no liberty interest "in commutation" is belied by Thompson v. Missouri Board of Parole, 929 F.2d 396 (8th Cir. 1991); Parton v. Armontrout, 983 F.2d 881 (8th Cir. 1993); Benny v. U.S. Parole Commission, 295 F.3d 977 (9th Cir.

---

[3] Petitioner asserts that he was eligible for discharge after three years on parole, rather than five years.

2002); and the above-quoted regulation. Petitioner also states by way of traverse that Respondent cannot avoid liability by providing Petitioner with a clemency application because any application for clemency must be presented, along with a report and recommendation, by MBPP.

Although Respondent did not raise as an affirmative defense the failure to exhaust state remedies, Petitioner argues in his traverse that exhaustion is not required here as it would be futile. Petitioner asks for appointment of counsel; a "limited hearing" to determine why discharge was not granted; and an order that MBPP prepare his case for presentation to the governor, without including information about events that occured after the dates he should have been discharged from parole.

## **DISCUSSION**

Federal habeas relief is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). This court agrees with Respondent that there is no federally recognized liberty interest in executive clemency under Missouri law. In Missouri, clemency decisions are left to the discretion of the governor. See Mo. Const. art. IV, § 7; Mo. Rev. Stat. § 217.800(1); Roll v. Carnahan, 225 F.3d 1016, 1018 (8th Cir. 2000). A prisoner has no cognizable liberty interest in a discretionary grant of clemency. Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 276 (1998); Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 466-47 (1981); Whitmore v. Gaines, 24 F.3d 1032, 1034 (8th Cir. 1994) (explaining that state commutation statutes

without standards constraining discretion create no constitutional right or entitlement sufficient to invoke the Due Process Clause; examining Arkansas statute).

The Court believes, however, that a fair reading of the petition in this case reveals two claims not addressed by Respondent:[4] (1) that Petitioner's due process rights were violated by MBPP's failure to discharge him from parole, and (2) that Petitioner's due process rights were violated by MBPP's February 2005 decision not to parole him. These claims are cognizable in a federal habeas petition. See, e.g., Crouch v. Norris, 251 F.3d 720, 723-24 (8th Cir. 2001); Young v. Luebbers, No. 07-CV-327 MLM, 2007 WL 2325389, at *7 (E.D. Mo. Aug. 14, 2007). Nevertheless, the Court concludes that these claims fail both for failure to exhaust state remedies and on the merits.

Before a habeas petition may be granted by a federal court, the petitioner bears the burden to show that available state remedies have been exhausted or that special circumstances exist, such as when state remedies are inadequate to afford a full and fair adjudication of federal claims, or when exhaustion in state court would be futile. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998); Barnett v. Roper, No. 03-CV-614 ERW, 2006 WL 2475036, at *3 (E.D. Mo. Aug. 24, 2006).

Missouri law provides prisoners with a variety of procedural options for mounting a challenge to a parole decision: an action for declaratory judgment against MBPP, a state habeas petition, or a petition for a writ of mandamus. Wayne v. Mo. Bd. of Probation &

---

[4] See Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that pro se petitions are held to less stringent pleading standards than formal pleadings drafted by lawyers).

Parole, 83 F.3d 994, 996-997 (8th Cir. 1996) (reversing district court's dismissal for failure to exhaust where petitioner had filed state claims through one, but not all, of these available procedures); Jones v. Dwyer, No. 05-CV-948 CAS/DDN, 2007 WL 1747007, at *2 (E.D. Mo. June 18, 2007) (listing Missouri state court cases considering a prisoner's federal constitutional claims under each of the foregoing procedures), adopted 2007 WL 2030137 (July 9, 2007).

Petitioner does not dispute that he has not availed himself of any of these procedures. Instead, Petitioner asserts that exhaustion would be futile, resting his argument on the Eighth Circuit's decisions in Parton v. Armontrout, 983 F.2d 881 (8th Cir. 1993), and Thompson, 929 F.2d 396. While a petitioner may establish futility where the state courts have addressed the same issue of law as raised by a petitioner under nearly identical facts, Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990), neither of the cases cited by Petitioner examine any of the claims he has made under the same set of facts. Nor has the Court found any such case. Petitioner's futility assertion is therefore without merit, leaving his claims unexhausted without excuse, precluding habeas relief.

The Court also believes that Petitioner's claims can be disposed of easily on the merits. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

The Court first observes that, at all relevant times, discharge from parole in

Missouri has been discretionary, not mandatory. Even under the regulation cited by Petitioner, while consideration for discharge may have been mandatory, the regulation itself stated that "[d]ischarge from supervision . . . [was] not automatic." Mo. Code Regs. Ann. tit. 14, § 80-2.030(7)(B) (11/89). The regulation set forth no criteria which, if met, would entitle a parolee to be discharged from parole. Petitioner has raised no argument that he was not considered for discharge. Where discharge is discretionary it can create no liberty interest. The cases on which Petitioner relies (Thompson, Parton, and Benny) do not persuade the Court otherwise. These cases all involved the accrual of the period required under the relevant statute for consideration for discharge from parole supervision, and not the petitioner's right to discharge itself.

As to Petitioner's final claim, the Eighth Circuit held in Williams v. Missouri Board of Probation & Parole, 661 F.2d 697 (8th Cir. 1981), that Missouri's former parole statute, in effect at the time of Petitioner's sentencing, created a cognizable liberty interest in parole "if the statutory criteria" were met, including a determination by MBPP that the prisoner could be released without detriment to the community. Williams, 661 F.2d at 698-99.[5] Petitioner has not alleged that he met the statutory requirements or that

---

[5] Missouri's prior parole statute, Mo. Ann. Stat. § 549.261, was repealed following the Eighth Circuit's decision in Williams. The new statute, Mo. Ann. Stat. § 217.690, contains similar language but placed additional discretion into the hands of the parole board by replacing the phrase "shall release or parole" with "may in its discretion release or parole." The new statute has been held by the Missouri Supreme Court and the Eighth Circuit to create no liberty interest. State ex rel. Cavallaro v. Groose, 908 S.W.2d 133, 134-35 (Mo. 1995) (en banc); Ingrassia v. Purkett, 985 F.2d 987, 988 (8th Cir. 1993).

he was deprived of any procedural protections at the hearing, only that he did not like MBPP's decision. Thus he is not entitled to habeas relief. See McCall v. Delo, 41 F.3d 1219, 1221 (8th Cir. 1994).

## CONCLUSION

The Court concludes that Petitioner is not entitled to habeas relief. The Court does not believe that reasonable jurists might find the Court's rejection of Petitioner's procedural and substantive claims debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a certificate of appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Raymond Wells, Sr., for habeas corpus relief is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case.

A separate Judgment shall accompany this Memorandum and Order.

<span style="float:right">_____<br>
AUDREY G. FLEISSIG<br>
UNITED STATES MAGISTRATE JUDGE</span>

Dated this 26th day of September, 2008.